

```
                                                               FILED
                                                         U.S. DISTRICT COURT
                                                      EASTERN DISTRICT ARKANSAS
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAN 11 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

**RANDALL AUSTIN ESTES**                                                    **PLAINTIFF**

VS.                                 No. 4:18-cv-_26 - KGB_

This case assigned to District Judge _Baker_

**CHRISTOPHIS BUELL and**        and to Magistrate Judge _Harris_
**AR LIFE TRANSPORT, LLC.**                                                **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Randall Austin Estes ("Plaintiff"), by and through his attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Christopher Buell and AR Life Transport, LLC, ("Defendants"), does hereby state and allege as follows:

**I.**

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendants conduct business within the State of Arkansas, owning and operating a non-emergency medical transportation service in Sherwood.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

5. Plaintiff Randall Austin Estes is employed by Defendants in Little Rock.

6. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## THE PARTIES

7. Plaintiff is a resident and domiciliary of the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff is a salaried employee at Defendants' business.

8. At all times material herein, Plaintiff is entitled to the rights, protections and benefits provided under the FLSA.

9. At all times material herein, Plaintiff has been misclassified by Defendants as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

10. Defendant is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11. Defendant AR Life Transport, LLC, is a domestic, for-profit limited liability company located in Sherwood, Arkansas, offering non-emergency medical transportation services throughout Arkansas.

12. AR Life Transport, LLC, has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

13. At all relevant times, AR Life Transport, LLC's gross volume of sales or business done has exceeded $500,000.00 per year.

14. AR Life Transport, LLC's registered agent for service of process for the state of Arkansas is Christopher Buell, 614 Grandview Street, Sherwood, Arkansas 72120.

15. Defendant Christopher Buell ("Buell") controls the day-to-day operations at AR Life Transport, LLC.

16. Buell was Plaintiff's direct supervisor and made decisions regarding Plaintiff's rate and method of pay and hours of work.

### III.

### FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18. During the period relevant to this lawsuit, Plaintiff worked for Defendants as a dispatcher.

19. Plaintiff's primary duty as dispatcher was communicating by telephone with Defendants' customers and drivers to arrange non-emergency medical transportation.

20. At times, Defendants also assigned Plaintiff to transport Defendants' customers.

21. As part of his work for Defendants, Plaintiff engaged in interstate commerce by serving and transporting patients outside of Arkansas and using instrumentalities of interstate commerce such as interstate phone lines.

22. Plaintiff was misclassified by Defendant as exempt under the FLSA, and was paid a salary.

23. Defendants guaranteed Plaintiff a salary of $900.00 per month.

24. Plaintiff is required to be on duty from 7:00 p.m. every Sunday to 5:00 p.m. the following Friday.

25. In practice, Plaintiff is required to answer telephones and perform other work for Defendants even when he was ostensibly off duty.

26. Plaintiff is scheduled to, and did, work more than forty (40) hours in most workweeks.

27. In most workweeks, Plaintiff works between ninety (90) and one hundred (100) hours.

28. Defendant did not pay Plaintiff overtime premiums for any hours worked in excess of forty (40) per workweek.

## IV.

## LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

### A. FLSA Minimum Wage and Overtime Violations

30. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

31. At all relevant times, Defendants are Plaintiff's "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times, Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

33. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

34. Plaintiff was non-exempt from the minimum wage and overtime requirements of the FLSA.

35. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

36. In many workweeks, Plaintiff was required to work so many hours that his effective rate of pay was below the federal minimum wage.

37. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

38. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### B. AMWA Minimum Wage and Overtime Violations

39. The AMWA requires employers to pay each employee a minimum wage for all hours worked and for hours worked in excess of forty per week "at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed." A.C.A. § 11-4-211.

40. In many workweeks, Plaintiff was required to work so many hours that his effective rate of pay was below the Arkansas minimum wage.

41. Defendants failed to pay Plaintiff overtime wages as required under the AMWA.

42. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## V.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Randall Austin Estes respectfully prays that Defendants Christopher Buell and AR Life Transport, LLC, be summoned to appear and answer this Complaint and for declaratory relief and damages as follows;

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and the relating regulations of each;

B.  Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA, and the related regulations of each;

C.  Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and the relating regulations of each;

D.  Judgment for any and all civil penalties to which Plaintiff may be entitled;

E.  An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action;

F.  Such other relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF RANDALL AUSTIN ESTES**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com