**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RANDALL AUSTIN ESTES,** *et al.*                                                                 **PLAINTIFFS**

**v.**                                    **Case No. 4:18-cv-00026-KGB**

**CHRISTOPHER BUELL,** *et al.*                                                                   **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is plaintiffs Randall Austin Estes and Shannon Mashburn's motion for partial summary judgment (Dkt. No. 20). Defendants filed a response in opposition, and plaintiffs replied (Dkt. Nos. 23, 25). In their first amended and substituted complaint, plaintiffs allege that defendants improperly denied them overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201 *et seq.* (Dkt. No. 18, ¶ 1). Plaintiffs seek partial summary judgment on exemptions from the overtime requirements of the FLSA and AMWA; specifically, plaintiffs contend that defendants failed to raise any exemptions to the FLSA or the AMWA as affirmative defenses and that, regardless, defendants do not meet the requirements for the executive, administrative, or professional exemption to apply to Mr. Estes or any other exemption based on a "duties test" to apply to Mr. Estes (Dkt. No. 20). *See* 29 C.F.R. §§ 541.100(1); 541.200(1); 541.300(1). To the extent discussed below, the Court denies in part and grants in part plaintiffs' motion for partial summary judgment (Dkt. No. 20).

    **I.**    **Background**

The following facts are taken from defendants' statement of undisputed material facts (Dkt. No. 24). Mr. Estes is a former employee of defendants AR Life Transport, LLC, and Christopher Buell (*Id.*, ¶ 1). Mr. Estes worked as a dispatcher for defendants in 2017 (*Id.*, ¶ 2). Defendants

assigned Mr. Estes to transport defendants' customers (*Id.*, ¶ 3). During his employment, defendants paid Mr. Estes a monthly salary of $900.00 (*Id.*, ¶ 4). As a dispatcher, Mr. Estes' job duties were to communicate by telephone with defendants' customers and drivers to arrange non-emergency medical transportation (*Id.*, ¶ 5). As part of his employment, defendants allowed Mr. Estes to reside in their property located at 1509 South Fillmore, Little Rock, Arkansas 72204 (*Id.*, ¶ 6). Mr. Estes states that he was not required to pay rent and that defendants were responsible for the upkeep and utility bills at 1509 South Fillmore for the duration of his tenancy there (Dkt. No. 21, ¶ 7). Defendants state that "[p]art of [Mr. Estes'] income included residency at the Fillmore property which included the Defendants being responsible for the upkeep and utility bills" at that location (Dkt. No. 24, ¶ 7). The parties agree that defendants maintained "total and unrestricted" access to 1509 South Fillmore for the duration of Mr. Estes' tenancy, but defendants argue that they "rarely did so and only to ensure the property was being properly cared-for." (*Id.*, ¶ 8).

Mr. Estes was required to be on duty from 7:00 p.m. every Sunday until 5:00 p.m. the following Friday (*Id.*, ¶ 9). Mr. Estes argues that his job duties required him to work more than forty hours per week and that he worked as many as 90 hours per week (Dkt. No. 21, ¶ 10). Defendants concede that Mr. Estes' job duties required him to work more than 40 hours per week, but they also argue that he was exempt from the 40-hour rule under 29 C.F.R. §§ 541.100(1), 541.200(1), 541.300(1) (Dkt. No. 24, ¶ 10).

Also attached to Mr. Estes' motion for partial summary judgment is an "Employee Residential Licensing Agreement" (the "Agreement") executed by Christopher Buell and Mr. Estes (Dkt. No. 20-1). The Agreement states that it is entered between AR Life Transport LLC as an employer and Mr. Estes as an employee (*Id.*, at 1). Per the Agreement, Mr. Estes is allowed "to occupy the housing located at 1509 South Fillmore, Little Rock, Arkansas 72204 . . . ." (*Id.*).

Furthermore, Mr. Estes was not required to pay utilities for his lodging (*Id*.). The Agreement also states that Mr. Estes was to receive a monthly salary of $900.00 (*Id*.). In exchange, Mr. Estes, per the Agreement, was "to work on call, from Sunday at 7 pm through Friday at 5 pm." (*Id*.).

Plaintiffs also attach a document titled "AR Life Job Description" to their motion for partial summary judgment (Dkt. No. 20-3). This document describes Life Transport as a "full service non emergency transport company." (*Id*., at 1). The document states that "[d]rivers are independent contractors" who, "before a load is ever booked," "are given the opportunity to do it or not." (*Id*., at 1). The document further states that "[l]ocal runs pay $12 per run," and "[i]f the driver picks up two patients at the same time drivers will be paid $12 per patient as though it were two runs." (*Id*., at 2). Per the document, if a customer takes longer than 15 minutes, "drivers will be paid for the additional time . . . ." (*Id*.). Alternatively, the document states that "[l]ong distance runs will be paid $12 an hour based on a trip guide calculation of miles, plus fifteen minutes on both the loading and receiving end." (*Id*.). Finally, the document states that "EMT[]s will be paid $25 per hour and will receive a four hour minimum. Therefore if a run takes an hour the EMT will be paid $100. Should the run take 5 hours, the EMT will be paid $25 per hour for each additional hour worked therefore $125." (*Id*.).

## II.     Discussion

Plaintiffs ask the Court to grant summary judgment on the question of exemptions from the FLSA and AMWA's overtime requirements (Dkt. No. 20). Plaintiffs argue that: (1) defendants have waived their exemption defenses; (2) the undisputed record evidence shows that Mr. Estes' salary was too low to satisfy the minimum salary requirement for the executive, administrative, or professional exemptions; (3) the lodging and extra work provided by defendants should not count towards the minimum salary requirement; and (4) the undisputed record evidence shows that Mr.

Estes' job duties prevent him from being covered by any other FLSA exemption (Dkt. No. 22, at 1-7). Defendants contest these points (Dkt. No. 23). Defendants also assert that Mr. Estes was not an employee but instead was a contractor, in part, and an employee, in part (*Id.*, at 1).

The Court has not been asked to, and therefore does not, resolve whether plaintiffs were employees of defendants to whom the requirements of the FLSA and AMWA would otherwise apply. Instead, the Court resolves the narrow issues presented by plaintiffs' motion for partial summary judgment. For the reasons stated below, the Court finds that defendants have not waived their exemption defenses. Additionally, the Court finds that, assuming without deciding for purposes of resolving this motion that Mr. Estes was an employee to whom the requirements of the FLSA and AMWA otherwise applied, as a matter of law, Mr. Estes is not exempt under the executive, administrative, or professional employee exemptions to the FLSA and AMWA. Finally, assuming without deciding for purposes of resolving this motion that Mr. Estes was an employee to whom the requirements of the FLSA and AMWA otherwise applied and viewing the record evidence in the light most favorable to defendants, the Court finds that, as a matter of law, Mr. Estes is not exempt under any "duties test" set forth by the FLSA or the AMWA.

### A. Standard Of Review

Summary judgment is proper if there is no genuine issue of material fact for trial. *UnitedHealth Group Inc. v. Executive Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56). Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Johnson Regional Medical Ctr.*

*v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law."  *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.  *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B.   Waiver Of Affirmative Defense

Plaintiffs' initial argument is that they are entitled to partial summary judgment on the issue of exemptions because defendants failed to plead adequately an exemption under the FLSA or the AMWA.  The Eighth Circuit Court of Appeals has held that FLSA exemptions constitute affirmative defenses to FLSA overtime claims.  *See Hertz v. Woodbury*, 566 F.3d 775, 783 (8th Cir. 2009) (explaining that the "'general rule [is] that the application of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof'").  "Generally, failure to plead an affirmative defense results in a waiver of that defense."  *First Union Nat. Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007).  Other courts have

examined whether defendants have adequately pleaded exemptions under the FLSA. *See Johnson v. Derhaag Motor Sports, Inc.*, Case No. 13-cv-2311 (SRN/FLN), 2014 WL 5817004, at *11-12 (D. Minn. Nov. 10, 2014) (finding that pleading that plaintiff "performed managerial and administrative duties and was an exempt employee," in conjunction with questions at a deposition, indicated that defendant did not waive his executive exemption defense); *Southard v. City of Oronogo*, Case No. 12-05027-CV-SW-SWH, 2013 WL 352943 (W.D. Mo. Jan. 29, 2013) (finding that defendants adequately pleaded an exemption by stating in their answer that "[d]efendants state that plaintiff may not maintain any cause of action under the FLSA as plaintiff is not an eligible employee as required by law."). If a defendant does not specifically plead an affirmative defense, the defendant may still raise the affirmative defense during summary judgment if "(1) they provide Plaintiff with adequate notice of the defense, and (2) Plaintiff is not prejudiced by the delay." *See Johnson*, 2014 WL 5817004, at *19 (finding that defendants failed to plead specifically the affirmative motor carrier exemption defense and that defendant failed to give notice of the defense *via* a deposition or other legal filing).

Viewing the record evidence in the light most favorable to defendants, the Court concludes that defendants have not waived their exemption defenses. In their first amended answer and counterclaim, defendants state that Mr. Estes "was at all time exempt from the overtime provisions of FLSA, 29 U.S.C. § 207." (Dkt. No. 19, ¶ 11). Defendants also asserted that Mr. Estes was "a manager of the business responsible for the smooth operation of the Corporation including stocking, purchase of materials of the [C]orporation, and profitability of the Corporation." (*Id.*, ¶ 21). Reading defendants' first amended answer and counterclaim as a whole, the Court finds that the language in their answer is sufficient to meet the requirements of Federal Rule of Civil Procedure 8(c). Furthermore, plaintiffs have not shown that they would be unfairly surprised or

prejudiced by the inclusion of defendants' exemption defenses. For all of these reasons, the Court denies plaintiffs' motion for partial summary judgment with respect to defendants' waiver of their exemption defenses.

### C. Mr. Estes' Employee Status

Next, the Court addresses, but declines to determine as a matter of law on the record before it, whether Mr. Estes was an "employee" under the FLSA and the AMWA. Plaintiffs did not move on this issue in their motion for partial summary judgment. Although defendants argue in their response to that motion that Mr. Estes "was not an employee" but instead "was contracted for certain work and an employee for other work," defendants have not moved for summary judgment in their favor on this issue (Dkt. No. 23, at 2). *See Heisler v. Metro. Council*, 339 F.3d 622, 632 (8th Cir. 2003) (citing *Am. Red. Cross v. Cmty. Blood Ctr. of the Ozark's*, 257 F.3d 859, 863 (8th Cir. 2001)) ("[A] district court commits reversible error when it grants summary judgment on an issue not raised or discussed by the parties.").

The FLSA defines an "employee" as "any individual employed by an employer" and defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g). "The test for employment under the [FLSA] is one of economic reality." *Karlson v. Action Process Servicer & Private Investigations, LLC*, 860 F.3d 1089 (8th Cir. 2017) (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985)) (internal quotation marks, alterations, and citations omitted).[1] Courts typically analyze the following six factors of the economic-realities test: (1) the degree of control exercised by the alleged employer; (2) the worker's investment in the business;

---

[1] Other district courts have treated the AMWA's definition of "employee" as if it is identical to the FLSA's definition of "employee." *See Harris v. Express Courier Int'l, Inc.*, Case No. 5:16-cv-05033, 2018 WL 6038242, at *3 n.1 (W.D. Ark. Nov. 16, 2018); *see also Karlson*, 860 F.3d at 1093 n.3 (noting that "[t]he definition of employee in the AMWA tracks the FLSA . . . .").

7

(3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative in performing the job; (5) the permanency of the relationship; and (6) the extent to which the work is an integral part of the alleged employer's business. *See, e.g.*, *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997); 51 A.L.R. Fed. 702, § 2.5 (collecting cases). "[T]he ultimate question of '[w]hether or not an individual is an 'employee' within the meaning of the FLSA is a legal determination rather than a factual one.'" *Karlson*, 860 F.3d at 1092-93 (quoting *Donovan v. Trans World Airlines, Inc.*, 726 F.2d 415, 417 (8th Cir. 1984)). If Mr. Estes is not an "employee" under the FLSA or the AMWA, then he is not entitled to the overtime protections codified by those statutes. *See Alexander v. Avera St. Luke's Hosp.*, 768 F.3d 756, 764 (8th Cir. 2014) (affirming district court's dismissal of plaintiff's Family and Medical Leave Act claim where the district court found that plaintiff "was an independent contractor rather than an employee").

The undisputed record evidence here includes defendants' admission that Mr. Estes "is a former employee" who "worked as a dispatcher for Defendants in 2017." (Dkt. No. 24, ¶¶ 1-2). Defendants also state that, "[d]uring [Mr. Estes'] *employment*, Defendants paid Plaintiff a monthly salary of $900.00." (*Id.*, ¶ 4 (emphasis added)). Furthermore, the Agreement between Mr. Estes and Life Transport describes Mr. Estes as an "Employee" and references an "employer-employee relationship." (Dkt. No. 20-1, at 1). In the Agreement, Mr. Estes agreed to "work on call, from Sunday at 7 pm through Friday at 5 pm." (*Id.*).

The only record evidence regarding the driver position is the "AR Life Job Description" document presented by plaintiffs (Dkt. No. 20-2). While this document states that "[d]rivers are independent contractors," neither party presents evidence that this document governed Mr. Estes' work as a driver. Plaintiffs argue in their briefing that "[a]t times Plaintiff was assigned a transport

8

himself, in which case his job duty was to safely transport Defendants' clients from one location to another via a non-emergency transport vehicle." (Dkt. No. 22, at 7).

Further, there is no record evidence regarding whether, either in the dispatcher or driver position, Mr. Estes worked 40 hours or more in any given week or whether he is entitled to damages for any overtime hours he worked while he was a dispatcher or driver. *Reimer v. Champion Healthcare Corp.*, 258 F.3d 720, 725 (8th Cir. 2001) (citing *Armour & Co v. Wantock*, 323 U.S. 126, 133 (1944)) ("The Court held that an employee's time is "work" for the purposes of the FLSA if it is spent "predominantly for the benefit of the employer."). Neither party has raised the issue of whether Mr. Estes' time spent on-call as a dispatcher constitutes "work" subject to the FLSA's overtime compensation requirements. *See Heisler*, 339 F.3d at 632 (holding that summary judgment is not appropriate on issues that are not raised). Furthermore, there is no record evidence before the Court that shows whether Mr. Estes' on-call hours as a dispatcher were spent "predominantly for the benefit of the employer." *Armour*, 323 U.S. at 133; *see Niendick v. City of Salem*, Case No. 1:11-cv-00043 SWW, 2012 WL 1739858, at *2-3 (E.D. Ark. May 16, 2012) (reviewing plaintiff's on-call time activities to determine if such time constituted "work"). Similarly, there is no record evidence before the Court regarding the number of hours worked by Mr. Estes as a driver.

Accordingly, these issues remain under advisement for consideration by the Court at trial. To resolve plaintiffs' motion for partial summary judgment, the Court assumes without deciding for purposes of resolving this motion only that Mr. Estes was an employee to whom the requirements of the FLSA and AMWA otherwise applied.

## D. Executive, Administrative, Or Professional Exemptions

Plaintiffs ask for judgment as a matter of law on the question of whether Mr. Estes was covered by the executive, administrative, or professional employee exemptions to the FLSA and the AMWA (Dkt. No. 22). The Court notes that the exemption defenses are only relevant if Mr. Estes is found to be an employee under the FLSA and AMWA and entitled to damages for unpaid overtime compensation under those statutes. For the reasons explained, the Court assumes without deciding for purposes of resolving this motion that Mr. Estes was an employee to whom the requirements of the FLSA and AMWA otherwise applied.

Plaintiffs argue that the undisputed material facts show that Mr. Estes was paid less than $455.00 per week, which means that he is not covered by the executive, administrative, or professional exemptions (Dkt. No. 22, at 5). Plaintiffs concedes that Mr. Estes "sometimes made additional income when he was assigned to transport Defendants' customers," but plaintiffs argue that it is undisputed that the additional income was never guaranteed (*Id*., at 6). Plaintiffs also argue that the lodging provided by defendants to Mr. Estes does not qualify as income for the purposes of qualifying for the executive, administrative, or professional exemptions (*Id*.). In response, defendants assert that they paid Mr. Estes "more than the required amount" and that Mr. Estes is "exempted from the FLSA and/or AMWA." (Dkt. No. 23, at 2).

"The FLSA requires employers to pay overtime of at least one and one-half times the regular pay rate for employees who work over forty hours in one workweek." *Grage v. N. States Power Co.-Minnesota*, 813 F.3d 1051, 1054 (8th Cir. 2015) (citing 29 U.S.C. § 207(a)(2)). Some employees are exempt from the FLSA's overtime requirements. *Id*. § 213(a)(1). Such exempt employees include "any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1). "The FLSA and the AMWA impose similar

10

minimum wage and overtime requirements on employers and, in cases involving claims brought under both acts, the courts have concluded that their parallel provisions should be interpreted in the same manner." *Cummings v. Bost, Inc.*, 218 F. Supp. 3d 978, 985 (W.D. Ark. 2016) (quoting *Carter v. Primary Home Care of Hot Springs, Inc.*, Case No. 6:14-cv-6092, 2015 WL 11120563, at *2 (W.D. Ark. May 14, 2015)).[2]

The Court must examine regulations issued by the Secretary of Labor (the "Secretary") to determine if an employee is exempt from the FLSA. To qualify for the executive, administrative, or professional employee exemptions, an employee must: (1) be paid on a salary basis; (2) receive at least the minimum salary, which is $455.00 per week; and (3) perform executive, administrative, or professional capacity duties. *See* 29 C.F.R. §§ 541.100, 541.200, 541.300. Each of these exemptions requires the same minimum salary: $455.00 per week. 29 C.F.R. §§ 541.100(a)(1), 541.200(a)(1), 541.300(a)(1), 541.600.[3] The $455.00 a week requirement is met if the employee is compensated monthly on a "salary basis of $1,971.66." 29 C.F.R. § 541.600(b). "[I]n an FLSA exemption case such as this, the employer . . . has the burden of proving the employee fits within

---

[2] The Court notes that the AMWA states that its overtime requirements "shall not apply to any employee exempt from the overtime requirements of the federal [FLSA] pursuant to the provisions of 29 U.S.C. § 213(b)(1)-(24) and (b)(23)-(30), as they existed on March 1, 2006." Ark. Code Ann. § 11-4-211(d). Furthermore, the Arkansas Department of Labor "may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the [FLSA] in interpreting and applying the provisions of the Act and Rule 010.14-100 through -113, except to the extent a different interpretation is clearly required." Ark. Admin. Code § 010-14.1-112.

[3] On May 23, 2016, the Secretary issued a Final Rule that amended the minimum salary requirements for the executive, administrative, and professional exemptions. The Final Rule is currently enjoined on a nationwide basis by an Order of the United States District Court for the Eastern District of Texas. *Nevada v. U.S. Dep't of Labor*, 275 F. Supp. 3d 795, 808 (E.D. Tex. 2017).

one of the FLSA exemptions." *Grage*, 813 F.3d at 1054 (citing *Fife v. Harmon*, 171 F.3d 1173, 1174 (8th Cir. 1999)).

Plaintiffs argue that the undisputed material facts show that, because Mr. Estes was guaranteed a salary of $900.00 per month, he necessarily was not paid the minimum salary requirement of $455.00 per week required to qualify for the executive, administrative, and professional employee exemptions (Dkt. No. 22, at 5). Defendants admit that Mr. Estes was guaranteed a monthly salary of $900.00 (Dkt. No. 23, at 1). Viewing the record evidence in the light most favorable to the nonmoving defendants, the Court concludes that there are no genuine issues of material fact that remain in dispute regarding whether Mr. Estes' monthly salary of $900.00 was less than the $1,971.66 monthly minimum salary required under 29 U.S.C. § 541.600(b).

In response to plaintiffs' motion, defendants argue that they satisfied the minimum salary requirement when paying Mr. Estes if the Court considers the cost of Mr. Estes' lodging as part of Mr. Estes' salary (Dkt. No. 23, at 1). The Court finds that it cannot consider the value of Mr. Estes' lodging when determining if his salary met the minimum salary requirement for the executive, administrative, or professional exemptions. "To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act, an employee must be compensated on a salary basis at a rate of not less than $455 per week . . . , *exclusive of board, lodging or other facilities*." 29 C.F.R. § 541.600(a) (emphasis added). Another regulation provides further clarification by stating that "the costs incurred by an employer to provide an employee with board, lodging or other facilities may not count towards the minimum salary amount required for exemption under this part 541." 29 C.F.R. § 541.606(a). The Eighth Circuit has previously held that "the term 'exclusive of board, lodging or other facilities' means precisely

what it says." *Mitchell v. Williams*, 420 F.2d 67, 69 (8th Cir. 1969) (citation omitted) (finding that an employee was not within the administrative, executive, or professional exemptions in part because the value of his employer-provided lodging was not included in his minimum salary calculation). Based upon this regulation and the Secretary's interpretations of the regulation,[4] the Court concludes that the value of the lodging and board provided by defendants to Mr. Estes cannot count towards the minimum salary amount for evaluating whether the administrative, executive, or professional exemptions apply.

Plaintiffs concede that Mr. Estes sometimes made additional income when he was assigned to transport defendants' customers, but they argue that, even if Mr. Estes received enough additional income to bring his salary above the minimum salary threshold, such proof is insufficient to avoid summary judgment on this issue because that income was not guaranteed (Dkt. No. 22, at 6). Under the FLSA's implementing regulations, "[a]n employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee *regularly receives* each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation . . . ." 29 C.F.R. § 541.602(a) (emphasis added). Other district courts in this circuit have concluded that, when employees are paid based upon the hours worked, such wages do not constitute "a predetermined amount . . . not subject to reduction because of variations in the quality or quantity of the work performed." *Coates v.*

---

[4] Neither party has challenged the Secretary's regulations as being based upon improper constructions of the FLSA or asserted that the Secretary's interpretations of its own regulations are unreasonable. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984) (setting forth doctrine for determining whether an agency's interpretation of a statute is proper); *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (setting forth doctrine for determining whether an agency's interpretation of its own regulation is proper). The Court declines to address arguments that have not been raised.

*Dassault Falcon Jet Corp.*, Case No. 4:17-cv-00372 JLH, 2018 WL 3795234, at *2 (E.D. Ark. Aug. 9, 2018).

In *Coates*, the court found that the employer failed to demonstrate that its team leaders or production liaisons were paid on a salary basis, in part because the employer "paid them according to the hours of work recorded." *Id*. Furthermore, the employer's records showed that the employer reduced the pay of the team leaders and production liaisons by partial days, which indicated that those employees were not salaried under the relevant regulations. *Id*. (citing 29 C.F.R. § 541.602(b)(1)). The court noted that the employer's office personnel were differently situated, as a representative office personnel employee testified that she was paid "8 hours per day . . . , whether she worked 8 hours or not." *Id*. at *3.

Defendants assert that Mr. Estes received "additional money for any work performed exceeding the minimum wage." (Dkt. No. 23, at 1). Plaintiffs state in their brief that Mr. Estes "sometimes made additional income when he was assigned to transport Defendants' customers . . . ." (Dkt. No. 22, at 5). There is no record evidence that Mr. Estes' pay for such work was guaranteed, nor is there any evidence before the Court regarding how often such work occurred. Viewing these facts in the light most favorable to defendants, the Court concludes that there can be no dispute on the record evidence before it that, to the extent Mr. Estes received additional pay beyond his $900.00 monthly salary, such pay was not "regularly receive[d]" nor was it "a predetermined amount constituting all or part of the employee's compensation . . . ." 29 C.F.R. § 541.602(a). Accordingly, the Court will not count such additional income when calculating the total amount of Mr. Estes' salary.

Viewing all the record evidence in the light most favorable to defendants, the Court concludes that there are no genuine issues of material fact in dispute as to whether defendants paid

Mr. Estes the minimum salary required to qualify him for the executive, administrative, or professional exemptions under the FLSA or the AMWA. The undisputed material facts show that Mr. Estes was paid a salary of $900.00 monthly (Dkt. No. 23, at 1). As discussed above, this monthly salary falls below the minimum salary requirements set forth in the regulations governing the executive, administrative, and professional employee exemptions. 29 C.F.R. §§ 541.100(a)(1), 541.200(a)(1), 541.300(a)(1). The Secretary's regulations are also clear that the Court may not count the value of the lodging provided by defendants to Mr. Estes towards his minimum salary. *See* 29 C.F.R. § 541.606(a). Finally, while the undisputed record evidence indicates that Mr. Estes sometimes earned other income from defendants, there is no record evidence that such income was guaranteed or otherwise regularly received by Mr. Estes. Accordingly, the undisputed record evidence shows that Mr. Estes received a monthly salary of $900.00, which falls below the minimum salary threshold required for him to qualify for the executive, administrative, or professional employee exemptions. The Court concludes that defendants have failed to meet their burden of proving that the executive, administrative, or professional employee exemptions under the FLSA or AMWA apply to Mr. Estes.

### E. Other Exemptions

Plaintiffs also argue that defendants cannot raise a genuine issue of material fact that Mr. Estes qualified for any exemption requiring a "duties test." The Court interprets this as an argument that, assuming without deciding for purposes of resolving this motion that Mr. Estes was an employee to whom the requirements of the FLSA and AMWA otherwise applied, Mr. Estes' duties as an employee for defendants did not qualify him for any of the various exemptions to the FLSA and the AMWA's overtime requirements. *See* 29 U.S.C. § 213(a)(1)-(19), (b)(1)-(30); 48B Am. Jur. 2d Labor and Labor Relations § 2822 (2019). As noted earlier, the employer has the

burden of proving that an employee "fits within one of the FLSA exemptions." *Grage*, 813 F.3d at 1054 (citing *Fife*, 171 F.3d at 1174).

The undisputed record evidence shows that, as a dispatcher, Mr. Estes' duties were "to communicate by telephone with Defendants' customers and drivers to arrange non-emergency medical transportation." (Dkt. No. 24, ¶ 5). Plaintiffs also argue that Mr. Estes was sometimes assigned to transport defendants' customers from place to place *via* non-emergency transport vehicles (Dkt. No. 22, at 7). Defendants have failed to point the Court to any conflicting evidence regarding Mr. Estes' job duties.

As there is no dispute that Mr. Estes' job duties included working as a dispatcher and driver, the Court turns to the question of whether defendants have met their burden of proving that Mr. Estes' job duties made him an exempt employee under the FLSA and the AMWA. Except for the foregoing discussion regarding the executive, administrative, or professional employee exemptions, defendants have not argued that any other FLSA or AMWA exemption applies to Mr. Estes. Accordingly, even viewing the facts in the light most favorable to defendants, the Court concludes that defendants have failed to meet their burden of demonstrating that any exemption to the FLSA and the AMWA's overtime requirements based on a "duties test" applies to Mr. Estes. This ruling is limited to the question of whether Mr. Estes is exempt under any "duties test" exemption.

### III. Conclusion

The Court denies in part and grants in part Mr. Estes' motion for partial summary judgment (Dkt. No. 20). The Court assumes without deciding for purposes of resolving this motion that Mr. Estes was an employee to whom the requirements of the FLSA and AMWA otherwise applied. The Court denies plaintiffs' motion for partial summary judgment on whether defendants waived

all exemptions under the FLSA and AMWA. The Court declines to find waiver. The Court grants partial summary judgment to Mr. Estes on the question of the executive, administrative, or professional employee exemptions, finding that the undisputed record evidence shows that there are no genuine issues of material fact as to whether Mr. Estes qualifies for those exemptions. The Court concludes he does not qualify for those exemptions based on the record evidence before it. Furthermore, the Court concludes that there are no genuine issues of material fact in dispute regarding whether Mr. Estes is exempt under any "duties test" set forth by the FLSA or the AMWA. He does not qualify for those exemptions based on the record evidence before the Court.

So ordered this 25th day of March, 2019.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge