# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**RANDALL AUSTIN ESTES,** *et al.*                                                              **PLAINTIFFS**

**v.**                                    **Case No. 4:18-cv-00026-KGB**

**CHRISTOPHER BUELL,** *et al.*                                                                **DEFENDANTS**

### ORDER

Plaintiffs allege that defendants improperly denied them overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201 *et seq.* (Dkt. No. 18, ¶ 1). Before the Court is the parties' notice of settlement and joint motion for order (Dkt. No. 43). The parties request that the Court remove the trial currently set in this matter from the docket for the week of April 1, 2019 (*Id.*). The parties also request that that the Court enter the Consent Judgment attached to the parties' notice of settlement and joint motion for order (Dkt. No. 43-1).

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, Case No. 5:08-cv-1694, 2010 WL 776933 at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. §216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. *See Melgar v. OK Foods*, No. 17-2612, 2018 WL 4100070, at *3 (8th Cir. Aug. 29, 2018) (reversing in part and remanding the district

court's decision to reduce the attorney fee award in a private settlement relating to FLSA claims based on the issue of attorney fees). However, other courts have examined such settlements. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). After *Lynn's Food* was decided, other courts to examine this issue have divided the "fairness" determination into two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-41 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, Case No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach). This Court has previously applied the *Dees* approach when analyzing settlement agreements under FLSA. *See Younger v. Centers for Youth and Families, Inc.*, Case No. 4:16-cv-00170-KGB, 2017 WL 1652561 (E.D. Ark. April 27, 2017); *Cruthis v. Vision's*, Case No. 4:12-cv-00244-KGB, 2014 WL 4092325 (E.D. Ark. August 19, 2014).

Having reviewed the Consent Judgment, the Court determines that the Consent Judgment provides plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace. Accordingly, the Court grants the parties' notice of settlement and joint motion for order (Dkt. No. 43). The Court incorporates the Consent Judgment as if it were set forth herein word for word in its entirety (Dkt. No. 43-1). The Court removes from the trial docket the trial in

this matter currently set for the week of April 1, 2019. Per the Consent Judgment, plaintiffs have 14 days from the date of the entry of this Order to petition the Court for reasonable attorneys' fees.

The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided in the Consent Judgment or as expressly ordered by the Court *via* a future Order. The Court retains exclusive jurisdiction over the performance and enforcement of the Consent Judgment and this Order.

It is so ordered, this the 3rd day of April, 2019.

_____
Kristine G. Baker
United States District Judge